UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    - v. -

PAUL ORENA,

                    Defendant.

No. 13 Cr. 410-07 (NRB)

# REPLY MEMORANDUM
# IN AID OF SENTENCING OF PAUL ORENA

Skadden, Arps, Slate, Meagher & Flom LLP
Steven R. Glaser
Caroline Ferris White
4 Times Square
New York, NY 10036
(212) 735-2465

*Attorneys for Defendant Paul Orena*

## INTRODUCTION

We respectfully submit this memorandum on behalf of Paul Orena in response to the government's sentencing memorandum dated March 23, 2015 ("Gov't Mem.") and in connection with the sentencing scheduled for March 30, 2015. For the reasons stated below, we respectfully submit that the government's memorandum should not alter the Court's analysis under 18 U.S.C. § 3553(a) and that a non-incarceratory sentence is both sufficient and appropriate in this instance.

## ARGUMENT

A. <u>Paul's Involvement with HYII Was Limited to that of a Passive Investor</u>

In its memorandum, the government argues that Paul participated in a scheme, similar to the one to which he pled guilty, involving All Grade Mining (HYII), and that, while not relevant conduct within the meaning of the Guidelines, this additional activity should be taken into account in fashioning Paul's sentence. (Gov't Mem. at 4.) We strongly disagree with this contention.

Paul's sole involvement with HYII was as a passive investor. He made a personal investment in a convertible debenture of $150,000, in which he expected to receive interest payments and the return of his principal. Instead, Paul was defrauded. He received no interest payments and lost his entire investment as well. This experience occurred just prior to his unfortunate decision to participate in the Face Up Entertainment Group (FUEG) scheme, and indeed contributed to his participation therein. First, as explained in our opening submission, Paul was facing significant financial pressures at the time, and the loss of his entire investment compounded those pressures. Second, he actually met his co-conspirators for the first time during a meeting with the HYII representative who defrauded him.

Thus, contrary to the government's contention, Paul was not involved in any fraudulent scheme relating to HYII, except as a victim. Unlike certain co-defendants, Paul was never charged in connection with an HYII scheme, and the discovery the government references in its memorandum does not support its position, either. We communicated with the government after it submitted its memorandum, and it is our understanding that the government has re-reviewed the evidence and does not contradict the foregoing account of Paul's HYII involvement.

Rather than demonstrate a pattern of criminality, Paul's investment in HYII further reinforces the unfortunate confluence of events that led an otherwise law-abiding and productive member of the community to exercise extremely poor judgment and engage in wrongful conduct that was wholly out of character. And as even the government concedes, Paul's conduct related to FUEG was relatively minor: he was "not a principal" in the conspiracy and "faces the lowest fraud amount attributed to any of the defendants in this case . . . reflect[ing] the Government's view of his relative culpability." (Gov't Mem. at 3.)

B. <u>Recent Events Further Militate in Favor of a Non-Incarceratory Sentence</u>

This past week the undersigned was contacted by the Staff of the United States Securities and Exchange Commission ("SEC") in connection with the conduct to which Paul has pled guilty in this matter. The SEC asked whether Paul would be interested in settling the matter and accept a lifetime penny stock bar. Rather than waste the government's time and resources, Paul promptly agreed to a settlement in principle on the Staff's proffered terms.[1] While we acknowledge that, given Paul's guilty plea, liability would not have been an issue, he could certainly have contested whether a bar was warranted, and if so, the duration of that bar. We

---

[1] The settlement is "in principle" because it is not deemed final until the Commission approves it. This process will likely take one to two months.

respectfully submit that Paul's settlement with the SEC further supports a non-incarceratory sentence. First, the speed with which he agreed to settle—and accept a lifetime bar—demonstrates his full acknowledgement of the wrongfulness of his conduct and his desire to put this matter behind him and rededicate himself to the principles he had lived by prior to his involvement in this matter: namely, living a life firmly within the bounds of the law and supporting his family and friends, both emotionally and financially. Second, Paul's lifetime penny stock bar reinforces that the risk of recidivism is nil.

## **CONCLUSION**

As Paul readily concedes, his decision to participate in the instant offense was a grave lapse in judgment and one that he profoundly regrets. The government's submission does not in any way alter the context leading up to and surrounding that extreme lapse in judgment—including the disaster wrought upon him and his family by Hurricane Sandy, the deaths of his mother and sister-in-law, the financial crisis and Paul's resulting unemployment. It also does not change the extraordinary burden that a period of incarceration will have on his son, Paul Jr., who suffers from mental health issues,[2] nor the undue burden on Paul given his own health issues.

As the letters from Paul's friends and family attest, Paul is a fundamentally good person who made a grave mistake. He deeply regrets his actions and the pain they have already caused his loved ones, and has vowed never to put them in this position again. Accordingly, for the reasons described in this and our previous submission, we respectfully request that the Court impose a non-incarceratory sentence.

---

[2] Even the government characterizes Paul Jr.'s condition as "indisputably relevant" to sentencing. (Gov't Mem. at 7.)

4

Dated: March 27, 2015
       New York, New York

                        Respectfully submitted,

*/s/ Steven R. Glaser*
_____
Steven R. Glaser
steven.glaser@skadden.com
Caroline Ferris White
caroline.white@skadden.com
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
4 Times Square
New York, New York 10036
Tel.: (212) 735-3000

*Attorneys for Defendant Paul Orena*

<h1 style="text-align:center"><u>CERTIFICATE OF SERVICE</u></h1>

      I hereby certify on this 27th day of March, 2015, I caused a true and correct copy of the foregoing to be filed electronically using the CMF/ECF system, which will send notification to the following:

Jennifer Burns
Abigail Kurland
Assistant U.S. Attorneys
U.S. Attorney's Office for the
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007
jennifer.burns@usdoj.gov
abigail.kurland@usdoj.gov
Attorney for the Government


Dated: March 27, 2015
       New York, New York

By:_____
Steven R. Glaser